UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
DEBORAH O'CONNOR, INDIVIDUALLY        :
AND ON BEHALF OF ALL OTHERS           :
SIMILARLY SITUATED                    :
                                      :
    Plaintiff,                        :
                                      :
v.                                    :   CIVIL ACTION NO.
                                      :   3:08-cv-01703(VLB)
AR RESOURCES, INC.                    :
                                      :
    Defendant                         :   March 30, 2010
------------------------------------------------------------X


**MEMORANDUM OF DECISION DENYING THE PARTIES' JOINT MOTION
FOR PRELIMINARY APPROVAL OF SETTLEMENT [Doc. #23]**

Before the Court is the parties' Joint Motion for Preliminary Approval of Settlement Agreement filed on August 13, 2009.  [Doc. #23].  This matter was initiated by a complaint filed on November 11, 2008 after the named Plaintiff spoke "with Attorney Daniel Blinn of Consumer Law Group, [and] agreed to be a class representative in a lawsuit not only for [her]self, but also on behalf of a class of all other persons who had similar claims against the defendant."  [Doc. #25, ¶3].  This case involves allegations that AR Resources, Inc. ("AR Resources") engaged in unauthorized collection activity by sending collection letters to Connecticut residents absent license in Connecticut to operate as a consumer collection agency in violation of Conn. Gen. Stat. § 36a-801.  The Plaintiff alleges that by doing so, AR Resources violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., in that its unlicensed activity

constituted a deceptive means of collecting or attempting to collect a debt In violation of FDCPA § 1692e(10), and an unfair means of collecting or attempting to collect a debt In violation of FDCPA § 1692f.

As noted by the Plaintiff in its memorandum in support of its motion for class certification, Federal Rule of Civil Procedure 23 governs the certification of classes and the approval of class action settlements.  [Doc. #23].  The Second Circuit has pronounced that a district court must weigh facts and make findings as to whether Rule 23's prerequisites are satisfied before granting class certification motions.  <u>In Re Initial Pub. Offering Sec. Litig.</u>, 226 F.R.D. 186 (S.D.N.Y. 2005).

<u>Class Certification</u>

The Plaintiff asserts that Rule 23, as amended in 2003, *requires* that "the court must approve any settlement, voluntary dismissal, or compromise of the claims ... of a certified class."  Plaintiff's Memorandum of Law in Support of Joint Motion for Preliminary Approval of Settlement Agreement [Doc. #22].  In fact, that rule does not *require* approval but, instead, it provides that "the claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  It does, however, prescribe the procedures which the Court must apply prior to approving a proposed settlement, voluntary dismissal, or compromise.  As the Plaintiff correctly notes, the Advisory Committee on the adoption of Rule 23 explained that the 2003 amendments to Rule 23 were intended to strengthen the Court's

review and approval process as it is essential to assure adequate representation of class members who have not participated in shaping the settlement.  Fed. R. Civ. P. 23(e) Advisory Committee Notes, 2003 amendments.  Certification of a class is prescribed by Fed. R. Civ. P. 23, which provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Assuming as true the allegations of the Complaint, the Court finds that the proposed class, consisting of more than 400 persons all of whom received a letter from the Defendant who was not licensed to engage in debt collection activities, satisfies the rule's numerosity requirement.  <u>Leone v. Ashwood  Financial, Inc</u>., 257 F.R.D. 343 (E.D.N.Y. 2009) (numerosity requirement for class certification was satisfied for debtor's action against collection agency alleging violations of FDCPA where proposed class had 117 members).  The facts also support a finding of satisfaction of the typicality and commonality prerequisites.  Rule 23's commonality and typicality requirements for class certification have been found to be satisfied in a similar action brought by a debtor against a collection agency, alleging violations of the FDCPA, where the agency transmitted substantially similar letters containing clear threats of litigation without authorization to do so.  <u>See</u> <u>id.</u>  The fact that the lead class

member and five other identified class members each received such a letter from the Defendant clearly demonstrates the satisfaction of these three prerequisites. Finally, the lead Plaintiff asserts that she has not had any involvement with the Defendant prior to agreeing to serve as the lead plaintiff in this action. This fact, together with the other factors referenced above, support a preliminary finding that she can adequately represent the class.

Rule 23(b) provides that a class action may be maintained if Rule 23(a) is satisfied (as has been demonstrated above) and if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23 (b). Given the limited factual predicate for the class in this case, the Court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, that a class action is superior to maintaining more than 400 individual cases and as all the class members are Connecticut residents, that multi-district litigation or other forms of consolidation would not better advance the interests of the litigants. The parties have disclosed no other litigation concerning the subject matter of

this case.  Finally, the nature and the extent of the litigation coupled with counsel's agreement to administer the settlement fund simplify the management of the class action.  The memorandum of law filed in support of the motion for the Court's approval clearly attests to counsel's qualification to represent the class ably.

On the basis of the foregoing, the Court preliminarily certifies the proposed class.  The parties next ask the Court to preliminarily approve the proposed settlement and to approve the form and substance of the proposed class notification.

**Proposed Settlement**

Final approval of any proposed class settlement requires "careful balancing" of the three Rule 23(e) factors, "faIr[ness], reasonable[ness] and adequa[cy]." Fed. R. Civ. P. 23(e).  Part of Rule 23(e)'s "fairness, reasonableness, and adequacy" inquiry requires an initial determination of whether the proposed settlement terms warrant "preliminary approval."  Preliminary approval is a two-step process.  First, the Court "make[s] a preliminary evaluation of the fairness of the settlement."  Thus, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." In re Nasdaq Mkt.-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997).  Upon preliminary approval, the Court

"must direct the preparation of notice of the certification of the settled class, the proposed settlement and the date of the final fairness hearing." In re Initial Public Offering Sec. Litig., 226 F.R.D. at 191.  The notice process is costly, thus depleting resources available to be paid to the class members.  The notice also confers the Court's imprimatur as it states that the Court has approved the settlement.  At the fairness hearing, "[c]lass members (and non-settling defendants whose rights may have been affected by the proposed settlement) then have an opportunity to present their views of the proposed settlement, and the parties may present arguments and evidence for and against the terms, before the court makes a final determination as to whether the proposed settlement is 'fair, reasonable and adequate.'"  Id.

As stated above, the Court has a gatekeeper role in connection with the certification of a class and the approval of a proposed settlement.  The Rule 23 Advisory Committee notes expressly state that "court review and approval are essential to assure adequate representation of class members who have not participated in shaping the settlement."  Fed. R. Civ. P. 23(e) Advisory Committee Notes, 2003 amendments.  Furthermore, the court in In re IPO Sec. Litig. emphasized that "the court's primary concern is with the substantive terms of the settlement" and that "[t]he trial judge must apprise herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated."  Finally, the Court must "scrutinize the negotiating process leading up to the settlement."  226 F.R.D. at 188.

In this regard, the Court requires additional information before the settlement can be approved.  In addition to the normal limitation of the rights of the class members, the proposed settlement appears as though it would produce a lower recovery than the class members might be entitled to receive by law.  The parties agree that the class member's damages are prescribed by 15 U.S.C.A. § 1692(k), which provides in pertinent part that:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]

15 U.S.C.A. § 1692k(1) - (2)(A).  The plaintiff in a FDCPA case is entitled to both statutory and actual damages and may collect statutory damages even if he or she does not suffer any actual damages.  <u>Woolfolk v. Van Ru Credit Corp.</u>, 783 F.Supp. 724. (D. Conn. 1990); <u>see also</u> <u>Clomon v. Jackson</u>, 988 F.2d 131 (2d Cir. 1993).  However, should the Court certify a class, the law limits the class participants' recovery to:

> (B) in the case of a class action, (I) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector

15 U.S.C.A. § 1692 (k)(2)(B).  Further, the parties' motion and supporting pleadings assert that the class members will recover more than they are entitled

to receive by law, but lack the requisite supporting facts for the Court to make its own finding as it is required to do.

Likewise, the Court is required to determine the reasonableness of the awarded attorney's fees:

> [I]n the case of any successful action to enforce the foregoing liability, [the debt collector is liable for] the costs of the action, together with a *reasonable* attorney's fee as *determined by the court*.

15 U.S.C.A. § 1692k(a)(3)(emphasis added).  While the Court expects that it would agree with the parties' conclusion that the negotiated attorney's fees are reasonable, the Court cannot make a finding without the facts particular to this case.  In a similar instance, the court in <u>Larsen v. JBC Legal Group, P.C.</u> found that where billing entries (submitted in support of a consumer's application for attorney's fees in an FDCPA suit) which merely stated that the consumer's attorney engaged in a telephone call or correspondence with another person but did not detail the subject matter of such correspondence, those entries could not be included in the calculation of the attorney's fees awarded to the consumer as those entries did not describe the nature of the task performed in sufficient detail to allow the court to determine whether the time expended on the task was reasonable.  588 F. Supp. 2d 360 (E.D.N.Y. 2008).  Similarly, a fee request submitted by a plaintiffs' attorney following settlement of a FDCPA class action was held to be inadequate, warranting denial, since the request consisted solely of a recitation of the number of hours that were expended, hourly rate, and the total fee amount.  There, the attorney did not explain, even generally, the nature

of the work his office had performed in the case, and did not specify the number of hours spent by various persons assigned to the case.  <u>Cinelli v. MCS Claim Services, Inc</u>., 236 F.R.D. 118 (E.D.N.Y.2003).  This is of particular concern because of the Defendant's limited resources and the low recovery proposed to be paid to the class members.

Additionally, the Court does not agree with the reasonableness of returning unclaimed settlement funds to AR Resources as has been proposed in the memorandum.  No explanation has been provided as to why any unclaimed funds should not instead be distributed to an organization which protects the interests of consumers.

The finality of the litigation is also called into question in that the settlement provides that AR Resources has agreed to refund to all class members any fee collection it received in connection with accounts for which payments were made by Connecticut residents.  However, this obligation is subject to renegotiation on the nebulous basis of whether AR Resources discovers that the amount of fees received is substantially in excess of the amounts disclosed in the recent supplemental interrogatory responses to which the Court is not privy.  The Court has no further information concerning this contingency or the particulars of how such an occurrence would affect the class members.  The Court requires further information or finality on this issue in order to determine whether the settlement can be approved.

The memorandum in support of preliminary approval conclusively states

that the parties settled only after extensive litigation, including discovery and the Defendant's deposition which were all followed by arm's-length settlement negotiations.  The parties further reason that because of these aforementioned actions, there is "certainly no indication that the settlement was the product of collusion," nor are there any "obvious deficiencies" warranting denial of preliminary approval status.  However, the memorandum fails to state the legal issues which were disputed as is customary in such circumstances so that the Court can assess the risks of the litigation and the reasonableness of the proposed settlement as it is required to do.

      The memorandum also asserts that no evidence exists that demonstrates that the proposed settlement gives the class representative or any portion of the class "improper ... preferential treatment," and that Steven Cherry, Mark Diana, Virginia Glowacki, Antonio Figueroa, and Hector Cosme have retained Consumer Law Group for the purpose of joining the action as additional plaintiffs and class representatives.  However, that begs the question as no facts were provided concerning how these individuals came to retain counsel or what they or the named Plaintiff did to warrant a higher recovery than other class members.  While it is customary for a named plaintiff to receive more than other class members, the fairness of that higher recovery is typically accompanied with the benefit of at least a brief summary of the individual's involvement in the litigation.  While the memorandum states that because the case has settled before they were added as plaintiffs, the Plaintiff will not seek to add them as additional class

representatives, it does not state why the addition of additional class representatives would be advantageous to the class, particularly in light of the asserted typicality of the lead Plaintiff. The memorandum also states that these individuals have not even been made aware of the settlement, suggesting that there is no consideration for their receipt of higher recovery.

Class Notice

To provide effective notice to class members, Fed. R. Civ. P. 23(c)(2)(B) provides that:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). As stated in the memorandum, class counsel will be responsible for the administration of the class, including mailing notices to the class members, skip-tracing to locate class members whose notices are returned without forwarding addresses, processing the claim forms, objections and opt-outs, and distributing payments to the class members. The Court finds that the proposed procedure for mailing of the notice to class members in the manner and form set forth meets the

requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.  At or before the required fairness hearing, the Court will require proof by affidavit of the aforesaid mailings and the forwarding of mail that was returned.

The Plaintiff and AR Resources having made application pursuant to Rule 23 for an order approving the settlement of this case, in accordance with the *Settlement Agreement and Release* ("Settlement Agreement") dated August 5, 2009, which together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of this case and for the dismissal of this case upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the exhibits annexed thereto; and the settling parties having been heard, the Court hereby denies the parties' [Doc. #23] Joint Motion for Preliminary Approval of the Settlement Agreement without prejudice to re-filing and providing all information requested below by April 21, 2010.

IT IS HEREBY ORDERED:

1) This case shall proceed as a class action for purposes of determining whether the proposed settlement is fair, reasonable and adequate;

2) The proposed class shall consist of all individuals who are natural persons and who are residents of the State of Connecticut to whom, on or after

November 10, 2007, AR Resources sent a collection letter and who are listed in Exhibit A of the proposed Settlement Agreement [Doc. #23];

3) Daniel S. Blinn of Consumer Law Group, LLC is appointed as Class Counsel;

4) Pending resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the members of the class for purposes of effectuating the Settlement and releasing their claims;

5) Class Counsel shall provide the Court with all information required to make the findings required by Fed. R. Civ. P. 23 as set forth above including without limitation detailed billing records for all work performed on this matter;

6) AR shall file its year-end 2009 audited financial statement(s) including the audit letters to demonstrate the company's net worth in support of its calculation made pursuant to 15 U.S.C. §1692k(a)(2)(B);

7) AR shall file a copy of the content of the debt collection notice that it sent to the lead Plaintiff on November 13, 2007 as well as the content of letters sent to other putative class members, if different in form from the letter sent to O'Connor, in violation of the FDCPA;

8) AR shall file evidence of its current registration with the Connecticut Department of Banking and proof that it is in good standing;

9) Class Counsel shall provide detailed accounting of the activities of the lead class member and the sub-class of five individuals (Steven Cherry, Mark Diana, Virginia Glowacki, Antonio Figueroa, and Hector Cosme) who are

13

designated to receive $1,000 as a part of the proposed settlement agreement and justification for their proposed settlement awards;

10) Class Counsel shall provide a legal justification and authority for the sub-class designation bestowed upon the same five individuals and a showing that the actions of these individuals, made as a part of their attempt to become class representatives, was in furtherance of the class' interests and not solely their own;

11) The Settlement Parties shall provide the Court with a detailed explanation of and legal justification for its plan to refund to all class members any fee collection it received in connection with accounts for which payments were made by Connecticut residents, specifically addressing the provision where the refund is subject to renegotiation under certain circumstances;

12) Class Counsel shall provide the Court with a detailed explanation of the legal issues which were disputed during settlement negotiations such that the Court can adequately assess the risks of the litigation and the reasonableness of the proposed settlement as it is required to do;

13) Class counsel shall provide a revised "Notice of Pendency of Class Action, Proposed Settlement and Hearing" that explicitly states the total amount to be paid by the defendant under the settlement agreement and how it is to be allocated to all parties, including individual class members, the lead Plaintiff, the five members of the sub-class, and counsel for this matter; and

14) If fewer than 100 class members file claims, counsel will be ordered to

notify the Court and defer disbursement until after further order of the Court.

                                        **IT IS SO ORDERED**

                                    _____/s/_____
                                    **Hon. Vanessa L. Bryant**
                                    **United States District Judge**

**Dated at Hartford, Connecticut:  March 30, 2010.**